PATTERSON v. J. S. OGILVIE PUB. CO.

(Circuit Court, S. D. New York.   November 21, 1902.)

1. COPYRIGHT—DEPOSITING COPIES—EVIDENCE.

Evidence in a suit for an infringement of a copyright *held* sufficient to show that the author had mailed two copies of the book addressed to the librarian of congress, notwithstanding the register of copyrights certified that he could not find any copies on file.

2. SAME—FILING COPY OF TITLE OF WORK—VARIANCE.

The copy of the title of a book filed to obtain a copyright was "The Captain of the Rajah. By Howard Patterson. Illustrated by Warren Sheppard. A thrilling and realistic sea story from a noted sailor's pen, and lavishly illustrated by the pencil of America's greatest marine artist." The title of the book published was "The Captain of the Rajah. A Story of the Sea, by Howard Patterson. Illustrated by Warren Sheppard." *Held*, that the author did not lose his copyright by reason of publishing the book with the shorter title.

3. SAME—RESIDENCE OR CITIZENSHIP OF AUTHOR.

In a suit for an infringement of a copyright, on the issue of whether the author was a citizen or resident of the United States at the time he applied for the copyright, the certificate from the librarian described him as of New York, and the author testified that he was at the time of the trial a resident of New York, and that he had mailed the two copies to the librarian of congress in New York more than 10 years before. *Held*, that this was sufficient proof of the author's residence, in the absence of any evidence to the contrary.

4. SAME—PLACE OF PRINTING—PROOF.

Complainant in a suit for an infringement of a copyright of a book printed in 1890 is not obliged to prove that it was printed from type set within the United States, or from plates made therefrom; Rev. St. § 4956 [U. S. Comp. St. 1901, p. 3407], being amended as to require such proof by an act passed March 3, 1891.

5. SAME—ABANDONMENT.

In a suit for an infringement of a copyright it appeared that the author had type set up, plates taken therefrom, and sheets to the amount of 2,000 impressions struck off, and some of these were bound, distributed, and sold. A judgment was rendered against him, execution issued, and the plates were levied on and sold to a third person. *Held*, that the author, as against a purchaser of the plates from the third person, had not abandoned his copyright of the book.

6. SAME—ESTOPPEL.

The author, as against such purchaser, was not estopped from enforcing his copyright rights.

7. SAME—LIMITATION.

Rev. St. § 4968 [U. S. Comp. St. 1901, p. 3416], limiting actions for forfeitures or penalties under the copyright laws, is not applicable to a suit for an injunction against and damages for an infringement of a copyright.

This cause comes on for hearing on bill, answer, and proofs. The suit is for injunction against and damages for infringing complainant's copyright.

Chas. H. Luscomb, for complainant.
A. W. Gleason, for defendant.

LACOMBE, Circuit Judge. The proofs support the averments of the bill that complainant is the author of a work of fiction, and that on June 12, 1890, before the day of publication of the book, he deposited in the office of the librarian of congress, United States of America, a printed copy of the title thereof. The book published by defendant is a copy of complainant's. The relevant facts may be conveniently presented in connection with the discussion of the points raised by defendant.

The register of copyrights, on February 17, 1902, certified that he had made search, and could not find any copies of the book on file. The complainant testified that he personally inclosed two copies of his book in a package addressed to the librarian of congress, and deposited the same in the mail; and that this was in June, 1890,—a considerable time before the publication of the book. This is the evidence of the complainant, and it is not corroborated; but there is nothing in his testimony, direct or cross, which casts suspicion on his good faith, and there seems to be no reason for disbelieving his statement as to the mailing. The books were printed, and there was no reason at all why he should not have mailed them as he said he did. The certificate of the librarian of congress is that complainant "deposited in this office the title of a book, the title or description of which is in the following words to wit: "The Captain of the Rajah. By Howard Patterson. Illustrated by Warren Sheppard. A thrilling and realistic sea story from a noted sailor's pen, and lavishly illustrated by the pencil of America's greatest marine artist." Defendant contends that complainant has lost the protection of the statute, because he published the book with the short title: "The Captain of the Rajah. A Story of the Sea, by Howard Patterson. Illustrated by Warren Sheppard." A similar proposition was considered and held unsound in Daly v. Webster, 4 C. C. A. 10, 56 Fed. 483.

It is further contended that the copyright is void because it is not affirmatively shown that complainant, when he applied for copyright, was "a citizen of the United States, or a resident therein." The certificate from the librarian describes him as "of New York," and he testifies that he is now resident here, and that he mailed the two copies June, 1890, in New York City. The evidence is slight, but, in the absence of any evidence to the contrary, would seem to be sufficient.

It is further objected that there is no testimony to show where the type was set, or where the plates were made, and counsel for defendant refers to section 4956, Rev. St. [U. S. Comp. St. 1901, p. 3407], which provides that the book "shall be printed from type set within the limits of the United States, or from plates made therefrom." The difficulty with this objection is that the book was copyrighted and printed in 1890, and the amendatory act which inserted in section 4956 [U. S. Comp. St. 1901, p. 3407] the words above quoted was not passed until March 3, 1891.

It is further contended that complainant is estopped because of abandonment. It appears that he had type set up, plates taken therefrom, and sheets to the amount of 2,000 impressions struck off. Some of these were bound up, and distributed to papers and periodicals for review, or sold. He became financially embarrassed, a judgment was entered against him, execution. issued, and the sheets and plates were levied on and sold by the sheriff. Defendant purchased the plates from some one to whom they had passed from the purchaser at sheriff's sale. The copyright was not sold, and complainant has not lost his right to enforce it because he failed to prevent the sale of the plates. They were mere pieces of metal, which became the property of the purchaser, but gave him no right to publish the copyrighted work which could be printed from them. Complainant did not abandon his copyright by failing to buy them in, and is not estopped thereby from enforcing his statutory rights.

Finally, it is contended that complainant is barred by the statute of limitations (section 4968, Rev. St. [U. S. Comp. St. 1901, p. 3416]). That section provides that no action shall be maintained in any case of forfeiture or penalty under the copyright laws unless the same is commenced within two years after the cause of action has arisen. The defendant published in 1894, and this suit was begun in 1901, soon after the complainant learned of the publication. This suit, however, is not for a forfeiture or penalty, so the section does not apply. The complainant is clearly entitled to an injunction.

The only question remaining is as to the damages. The usual practice is to enter an interlocutory decree providing for an injunction and sending it to a master to take proof of damages or profits. Upon the return of the master's report a final decree disposes of the question of damages. Complainant apparently tried the case on the theory that he was to make proof of damages at this stage. The record does not entitle him to recover more than the nominal amount, six cents. Nevertheless, if he now elects to take an interlocutory decree, and is willing to pay the master's fees, he may have the opportunity to show, if he can, that he is entitled to recover substantial damages.

Complainant may take a final decree for injunction and six cents damages, or an interlocutory decree for injunction, with reference to a master.